Filed 5/20/22  P. v. Hanson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093377 |
| Plaintiff and Respondent, | (Super. Ct. No. 00F01901) |
| v. | |
| LIONEL HANSON, | |
| Defendant and Appellant. | |

In 2001, a jury found defendant Lionel Hanson guilty of second degree attempted murder (Pen. Code, §§ 664/187)[1] and assault with a firearm (§ 245, subd. (a)(2)).  The jury also found true the allegation that during the commission of the attempted murder, defendant personally discharged a firearm resulting in great bodily injury to his victim

---

[1] Undesignated statutory references are to the Penal Code.

1

(§ 12022.53, subd. (d)).  In an unpublished opinion, we affirmed the conviction and sentence on appeal.  (*People v. Hanson* (Nov. 13, 2003, C039008) [nonpub. opn.].)[2]

In 2020, defendant sought resentencing pursuant to section 1170.95.  After appointing counsel, the trial court denied defendant's petition without issuing an order to show cause.  The trial court found defendant failed to state a prima facie case because section 1170.95 did not apply to convictions for attempted murder.

Defendant timely appealed.  In October 2021, while this case was pending, the Legislature passed Senate Bill No. 775 (2021-2022 Reg. Sess.), which, among other things, amended or clarified the language of section 1170.95 to include "attempted murder under the natural and probable consequences doctrine . . . ."  (Stats. 2021, ch. 551, § 2.)  The People nevertheless continue to argue defendant is not eligible for relief because he was the actual perpetrator of the crime, convicted on a theory of express malice.  We agree and affirm the trial court's ruling.

## BACKGROUND

On July 20, 1999, defendant got into a verbal altercation with Jasmine A. (*People v. Hanson, supra*, C039008.)  Jasmine ran from defendant and he "gave chase." (*Ibid.*)  When defendant caught up with Jasmine, she turned around and he "struck her on the nose with a gun, causing her to fall."  (*Ibid.*)  Defendant then "shot Jasmine in the face, neck[,] and shoulder.  Jasmine managed to run away and was taken to a hospital. The wounds were through-and-through, causing six holes in Jasmine, all of which were life threatening."  (*Ibid.*)

At defendant's trial, the jury was instructed that defendant could be found guilty of attempted murder only if he acted with the specific intent to kill Jasmine when he shot her.  The jury also was instructed on the lesser included offense of attempted voluntary

---

[2] On the court's own motion, we take judicial notice of our prior unpublished opinion. (Evid. Code, §§ 452, 459.)

2

manslaughter. Ultimately, the jury found defendant guilty of attempted murder (§§ 664/187), as well as assault with a firearm (§ 245, subd. (a)(2)).[3] (*People v. Hanson, supra*, C039008.) Relative to the attempted murder conviction, the jury also found true the allegation that, during the commission of the crime, defendant personally discharged a firearm resulting in great bodily injury to the victim (§ 12022.53, subd. (d)). (*People v. Hanson, supra*, C039008.) The trial court sentenced defendant to 25 years to life, plus a determinate term of nine years, in state prison. (*Ibid.*)

In June 2020, defendant filed a petition for resentencing pursuant to section 1170.95. The trial court appointed counsel, the People responded to the petition, and defendant filed a reply. After reviewing the record of defendant's conviction, the trial court denied defendant's petition without issuing an order to show cause. The court explained that attempted murder was not included within section 1170.95. Thus, defendant "was not convicted of any crime for which . . . section 1170.95 provides relief . . . ." Thus, the court concluded, the record demonstrated as a matter of law that defendant was not eligible for relief, and no evidentiary hearing was required.

DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) amended "the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Senate Bill No. 1437 amended section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability. (Stats. 2018, ch. 1015, §§ 2, 3.) It also added section 1170.95, which provides a procedure by which those

---

[3] The jury found defendant guilty of other crimes as well, none of them relevant here. (*People v. Hanson, supra*, C039008.)

convicted of murder premised on either a felony murder or natural and probable consequences theory can petition for retroactive relief, if the changes in the law would affect their previously sustained convictions; that is, if "[t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (Stats. 2018, ch. 1015, § 4; former § 1170.95, subd. (a)(3).)

Senate Bill No. 775, which became effective on January 1, 2022, clarifies that the petition process under section 1170.95 includes individuals convicted of "attempted murder . . . under the natural and probable consequences doctrine." (Stats. 2021, ch. 551, § 2, subd. (a); § 1170.95, subd. (a).)

Defendant now contends he is entitled to relief because he was convicted of attempted murder under the natural and probable consequences doctrine. The record of conviction, however, belies his contention.

It is undisputed that defendant was the actual perpetrator of the attempted murder, shooting his victim six times after hitting her in the face with his gun. (*People v. Hanson, supra*, C039008.) In addition, the jury was instructed that, in order to find defendant guilty of attempted murder, they were required to find that when he shot Jasmine, defendant acted with the "specific intent to kill" her. Nothing in the record even suggests defendant was convicted on a theory of imputed malice. As a result, defendant does not fall within section 1170.95's resentencing provision; he still could be convicted of attempted murder despite the changes made to section 188. (See § 1170.95, subd. (a).)

That the trial court found defendant ineligible for relief only because he was convicted of attempted murder, and the statute has since been clarified to include convictions for attempted murder, is of no moment. A correct decision will not be reversed on appeal merely because it is given for what is now the wrong reason. If the decision is correct for any reason, it must be affirmed. (See *People v. Zapien* (1993) 4 Cal.4th 929, 976.)

## DISPOSITION

The trial court's postjudgment order denying defendant's petition for resentencing under section 1170.95 is affirmed.

\s\
BLEASE, Acting P. J.

We concur:

\s\
RENNER, J.

\s\
KRAUSE, J.

5